Liang v. Sessions

BIA
Poczter, IJ
A206 288 210

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand seventeen.

PRESENT:
          JOSÉ A. CABRANES,
          DENNY CHIN,
          SUSAN L. CARNEY,
               *Circuit Judges.*
_____

XUN HUA LIANG,
          *Petitioner,*

          v.                                          16-3247
                                                      NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:          Michael Brown, Law Office of Michael Brown, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Janette L. Allen, Senior Litigation Counsel; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xun Hua Liang, a native and citizen of the People's Republic of China, seeks review of an August 25, 2016 decision of the BIA affirming a June 15, 2015 decision of an Immigration Judge ("IJ") denying Liang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xun Hua Liang,* No. A206 288 210 (B.I.A. Aug. 25, 2016), *aff'g* No. A206 288 210 (Immig. Ct. N.Y.C. June 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim. . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Liang was not credible as to his claim that Chinese officials detained and harmed him on account of his Catholicism.

The agency reasonably relied on record inconsistencies regarding where on his body police shocked Liang with an electric baton, whether he was forced to write and fingerprint a letter guaranteeing he would stop his religious practice, and what abuse he suffered when reporting to police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Liang did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be

*compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Liang's credibility, the agency reasonably relied further on his failure to rehabilitate his credibility with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in affording limited weight to letters provided by Liang's mother and friend because the letters were unsworn, the authors were not available for cross-examination, and the friend's letter was inconsistent with Liang's testimony in some respects. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). And although the parties stipulated that Liang's daughter would testify consistently with her affidavit, in which she averred that Liang had been detained, interrogated, and mistreated in China, the affidavit did not rehabilitate Liang's credibility as it did not discuss many of the specific facts underlying the IJ's inconsistency findings and was not based on first-hand knowledge.

Given its findings regarding record inconsistencies and lack of corroborating evidence, we conclude that the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of Liang's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk